1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **DISTRICT OF NEVADA**

6

7 UNITED STATES OF AMERICA,

8     Plaintiff,                      Case No.:  3:16-CR-00001-RCJ-VPC

9 vs.

10 ALBERTO JULIO GUILLEN,                      **ORDER**

11     Defendant.

12

13     Defendant has filed a notice indicating that he desires to appear unshackled at upcoming

14 court hearings.  (ECF #43).   Defendant bases his notice on the majority opinion of an

15 abbreviated en banc panel of the Ninth Circuit Court of Appeals, which recently opined 6–5 that

16 a criminal defendant has a Fifth Amendment right to appear in court unshackled unless an

17 individualized examination indicates that physical restraints are the least restrictive means of

18 furthering a compelling government interest, i.e., courtroom security. *See United States v.*

19 *Sanchez-Gomez*, 2017 WL 2346995, at *13 (9th Cir. May 31, 2017) (en banc). The Government

20 has moved to strike the notice. (ECF #44).

21     The Court begins by noting that the Federal Rules of Criminal Procedure make no

22 provision for "notices," such as the one Defendant has filed here. Accordingly, the Court could

23 simply strike the notice from the record, as requested by the Government, without taking further

24 action on it. Construing the notice as a motion, however, the Court will refer it to the Magistrate

Judge assigned to this case. It is the Magistrate Judge who, in the first instance, considers the need for security measures with respect to individual criminal defendants, e.g., by determining whether a defendant poses a risk of flight or danger to the community. Therefore, the Magistrate Judge is better situated to determine whether to grant Defendant's request, after consulting with the U.S. Probation Office and the U.S. Marshal, and considering, *inter alia*, Defendant's prior criminal history, jail discipline history, and any relevant facts to which Defendant has allocuted.[1]

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 44) is DENIED.

IT IS FURTHER ORDERED that the Notice (ECF No. 43) is REFERRED to the Magistrate Judge for a ruling under Criminal Rule 59(a).

IT IS FURTHER ORDERED that in the future the Clerk shall automatically refer such motions or "notices" to the respective Magistrate Judges in all of the undersigned's cases, with reference to the present order.

IT IS SO ORDERED dated this 15th day of June, 2017.

_____
ROBERT C. JONES
United States District Judge

---

1  With some irony, the Court notes that the majority opinion in *Sanchez-Gomez* is almost entirely dicta, and yet to reach its conclusion the majority acknowledged it was required to disregard the dicta of the Supreme Court. *See, e.g.*, *Sanchez-Gomez*, 2017 WL 2346995, at *11 (citing *Deck v. Missouri*, 544 U.S. 622, 626 (2005)). Of course, the only essential part of the majority's opinion is found in its last paragraph, wherein the court denied the petitioners' request for a writ of mandamus. *See id.* at *13. It cannot be said that the shackling policy at issue was unconstitutional if the ultimate holding of the court was to deny mandamus relief to the petitioners. Furthermore, the denial of a petition for writ of mandamus ordinarily does not even become law of the case, *see Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1078–79 (9th Cir. 1988), much less binding precedent in other unrelated actions.