**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTO JULIO GUILLEN,<br><br>Defendant. | Case No. 3:16-CR-00001-RCJ<br>3:20-CV-00275-RCJ<br><br>**ORDER** |

Defendant moves this Court to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255, arguing that *Rehaif v. United States*, 139 S. Ct. 2191 (2019), retroactively rendered the indictment fatally defective. Thorough review of the record demonstrates conclusively that Defendant is neither entitled to relief nor a certificate of appealability. The Court therefore denies the motion.

**FACTUAL BACKGROUND**

In 2016, Defendant was indicted on one count: Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (ECF No. 1.) The factual basis of this count in the indictment states:

///

> On or about December 28, 2015, in the State and District of Nevada, [Defendant], having been convicted of a crime punishable by imprisonment for a term exceeding one year in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, to wit: on or about March 12, 2003, of Assault with a Deadly Weapon; did knowingly possess a J.C. Higgins Model 30, .22 caliber rifle bearing serial number 2552429 and a Browning 12 gauge shotgun bearing serial number 58926, said possession being in and affecting commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(*Id.*) In 2017, Defendant pleaded guilty to the count. (ECF No. 39.) In 2019, the Supreme Court issued *Rehaif*, holding that the word "knowingly" in § 924(a)(2) must be applied to both the status element and the possession element of § 922(g). 139 S. Ct. at 2200.[1]  Within one year of the Supreme Court issuing *Rehaif*, Defendant filed this § 2255 motion.[2]

## LEGAL STANDARD

A prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" where the sentence is unconstitutional or unlawful, the court lacked "jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This remedy is available only where the error is jurisdictional, constitutional, contains "a fundamental defect which inherently results in a complete miscarriage of justice," or includes "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). A

---

[1] Defendant claims that *Rehaif* mandates that the Government must prove both that a defendant knew of his felony status *and* knew that this status prohibited him from possessing a firearm. This is error. Following *Rehaif*, the entirety of the Government's burden for a conviction under § 922(g)(1) is to prove "(1) the defendant was a felon; (2) the defendant knew he was a felon; (3) the defendant knowingly possessed a firearm or ammunition; and (4) the firearm or ammunition was in or affecting interstate commerce." *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020).

[2] This motion is only timely if *Rehaif* applies retroactively. The courts are divided on this issue. *Compare, e.g.*, *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("[*Rehaif*] was not made retroactive . . . ."), *with e.g.*, *United States v. Dace*, No. 16-CR-00383-RBJ, 2020 WL 3603678, at *5 (D. Colo. June 24, 2020) ("*Rehaif* . . . applies retroactively to cases on collateral review . . . ."). This Court will assume that *Rehaif* applies retroactively for the purposes of this motion.

petitioner must prove, by a preponderance of the evidence, any grounds for vacating or modifying a sentence. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938).

A court should deny the petition without an evidentiary hearing if the record "conclusively show[s] that the prisoner is entitled to no relief." § 2255(b); *accord Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989). Otherwise, a court should serve notice upon the government and grant a hearing to make the necessary findings of fact and conclusions of law to rule on the petition. § 2255(b).

Upon denial, a court should determine whether to issue a certificate of appealability. Rules Governing § 2255 Proceedings 11(a). A certificate is appropriate when the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, the petitioner must show that "reasonable jurists could debate whether . . . the petition should [be] resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## ANALYSIS

Defendant argues that the failure of the indictment to include an allegation that Defendant knew he was in the class of persons covered by § 922(g)(1) is a structural error, depriving the Court of jurisdiction and rendering his conviction unconstitutional. Specifically, he claims the criminal prosecution based on the defective indictment violated his Fifth Amendment right not to be tried absent a valid indictment from a grand jury and his Sixth Amendment rights to notice and effective assistance of counsel. Finding that it has jurisdiction and that Defendant's guilty plea waived the remaining challenges, the Court denies the motion.

///

///

### I. The Court has Subject-Matter Jurisdiction

Defendant's first argument is that the defect in the indictment deprived this Court of jurisdiction over his case. Although he is correct that the indictment in this case is defective, this defect does not deprive this Court of jurisdiction.

Framing the issue in such a way is not without consequence because, if true, Defendant did not waive it—he could not have. *See, e.g.*, *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (analyzing subject-matter jurisdiction of a criminal case despite procedural default). Defendant notes that district courts have jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, and argues that, since the indictment fails to state an offense, this Court lacks jurisdiction. While prior Ninth Circuit cases have held that a failure to state a claim in an indictment is a jurisdictional issue, *see, e.g.*, *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989) (citing *United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir. 1979)), the Supreme Court has overruled these cases in *United States v. Cotton*, 535 U.S. 625 (2002). *See United States v. Salazar-Lopez*, 506 F.3d 748, 754 n.5 (9th Cir. 2007) (recognizing that *Cotton* overruled the circuit's prior precedent).

In *Cotton*, the superseding indictment "did not allege any of the threshold levels of drug quantity that lead to enhanced penalties under [21 U.S.C.] § 841(b)," which defendants did not object to before trial. *Cotton*, 535 U.S. at 628. During the pendency of the their appeal to the Fourth Circuit, the Supreme Court held, in an unrelated case that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The Fourth Circuit therefore found this omission from the indictment to deprive the court of subject-matter jurisdiction and vacated the sentences. *United*

*States v. Cotton*, 261 F.3d 397, 407 (4th Cir. 2001). The Court found jurisdiction and reversed, noting that it "some time ago departed from [the] view that indictment defects are 'jurisdictional.'" *Cotton*, 535 U.S. at 631; *see Lamar v. United States*, 240 U.S. 60, 65 (1916) ("The objection that indictment does not charge a crime against the United States goes only to the merits of the case."); *United States v. Williams*, 341 U.S. 58, 66 (1951) ("[T]hat the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.").

Attempting to distinguish *Cotton*, Defendant advocates for a narrow reading of the opinion. Defendant claims that since the omitted facts in the indictment went toward sentencing, the indictment, while defective, still stated a federal crime and, for that reason, the Supreme Court still had jurisdiction in the case. On the other hand, the indictment in the instant case, Defendant argues, omitted a fact that went to an element of the underlying crime. In making this argument, however, Defendant contravenes the text of the Court's reasoning and lower courts' ubiquitous interpretation of the case.

First, the Supreme Court failed to provide for the caveat that Defendant propounds. It, rather, spoke broadly, stating, "[D]efects in an indictment do not deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. at 630. Second, lower courts have rejected Defendant's reading of *Cotton*. For example, the Ninth Circuit held that the failure to include the mens rea element of a crime—as Defendant claims here—does not deprive a court of jurisdiction. *United States v. Velasco-Medina*, 305 F.3d 839, 845–46 (9th Cir. 2002) (*overruled on other grounds as recognized in United States v. Aguila-Montes de Oca*, 655 F.3d 915, 923 (9th Cir. 2011)). It stated that the defendant's argument to the contrary was "untenable in light of [*Cotton*]." *Id.*

To support his contention, Defendant points to a case from the Eleventh Circuit, *United States v. Izurieta*, 710 F.3d 1176 (11th Cir. 2013). In that case, the court held that there was no subject matter jurisdiction when the indictment alleged that the defendant violated a regulation

that only carried civil penalties and not a criminal statute. *Id.* at 1179. The Eleventh Circuit, however, later distinguished *Izurieta* on that ground and stated, "The district court's power over [a criminal] case did not vanish simply because the indictment omitted one element of the charged offense." *United States v. Brown*, 752 F.3d 1344, 1353 (11th Cir. 2014).

Indeed, at least three circuits—including the Eleventh Circuit—and this District have squarely addressed Defendant's argument and rejected it. *See, e.g.*, *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020); *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020); *United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019); *United States v. Dillard*, No. 2:09-CR-00057-JAD-GWF, 2020 WL 2199614, at *4 (D. Nev. May 6, 2020). This Court likewise finds that the defect is not a jurisdictional issue.

## II. The Remaining Claims are Barred by Defendant's Guilty Plea

Satisfied that this Court has jurisdiction, it turns to Defendant's remaining claims that the defects in the indictment violated his Fifth and Sixth Amendment rights. The Court finds that these claims are barred by Defendant's guilty plea.

In *Tollett v. Henderson*, 411 U.S. 258 (1973), the Supreme Court addressed whether it could consider a challenge to a grand jury proceeding for the first time through a habeas challenge after the defendant pleaded guilty. The Court held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id.* at 267. A defendant therefore may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of [a] guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel [was constitutionally inadequate]." *Id.*

Despite the broad language of this rule, the Court has recognized an exception to it: a claim may be brought where it "implicates 'the very power of the State' to prosecute the defendant." *Class v. United States*, 138 S. Ct. 798, 803 (2018) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30

(1974)). This exception is narrow and only applies where "the government cannot prosecute the defendant *at all*." *United States v. Chavez-Diaz*, 949 F.3d 1202, 1208 (9th Cir. 2020); *see, e.g.*, *Menna v. New York*, 423 U.S. 61, 62 (1975) (double jeopardy); *Blackledge*, 417 U.S. at 30–31 (vindictive prosecution); *Class*, 138 S. Ct. at 801–02 (constitutionality of the criminal statute). In such instances, the Court distinguished *Tollett* on the basis that these antecedent violations could not "have been 'cured' through a new indictment." *Class*, 138 S. Ct. at 805 (quoting *Blackledge*, 417 U.S. at 30).

This rule applies even if the alleged defect in the indictment is structural. *See United States v. Moussaoui*, 591 F.3d 263, 280 n.12 (4th Cir. 2010), as amended (Feb. 9, 2010). A "structural" defect is a "fundamental flaw," which is "never . . . thought [to be] harmless" and "undermines the structural integrity of the criminal tribunal itself." *Vasquez v. Hillery*, 474 U.S. 254, 263–64 (1986). Although *Tollett* did not explicitly discuss whether the underlying constitutional defect— the charge that the government had systematically excluded racial minorities from the grand jury— was structural, such discrimination was a well-established structural defect by the time *Tollet* was decided. *See id.* at 261–62 (collecting cases for this proposition dating back to 1881).

Defendant neither argues that he entered into the plea agreement unknowingly or involuntarily through ineffective assistance of counsel nor that the Government could not prosecute him for the crime at all. Rather, all of the arguments he raises—that the defect in the indictment infringed on his right to be free from prosecution absent a valid grand jury indictment and his rights to adequate counsel and notice—could have been remedied by a new indictment. Although this reasoning has not been directly addressed by the Ninth Circuit, two other circuits have held that the *Tollett* rule bars habeas relief based on defects in the indictment because of *Rehaif*. *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020) ("To the extent [the defendant] argues his indictment is fatally defective because it did not contain an element of the offense under

§ 922(g), he failed to preserve that claim by pleading guilty." (citing *Class*, 138 S. Ct. at 804–05)); *United States v. Dowthard*, 948 F.3d 814, 817 (7th Cir. 2020) ("[A] guilty plea waive[s the] right to assert that the indictment fail[s] to state an offense."). Defendant's guilty plea therefore bars these claims.

### III.     *Certificate of Appealability*

As the Court denies the petition, it must determine whether to issue a certificate of appealability. Defendant has not shown that reasonable jurists would debate these claims nor that the claims should proceed further. *See Slack*, 529 U.S. at 484. Rather, as discussed above, binding precedent clearly forecloses them. The Court therefore declines to issue a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 71) is DENIED.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that the Clerk shall ENTER a separate and final judgment under Federal Rule of Civil Procedure 58(a) as directed by *Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018).

IT IS SO ORDERED.

Dated August 5, 2020.

_____
ROBERT C. JONES
United States District Judge